**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SONIA VERA,<br><br>*Plaintiff*,<br><br>v.<br><br>ALSTOM TRANSPORTATION, INC., ERMC AVIATION, LLC, PORT AUTHORITY OF NEW YORK AND NEW JERSEY, et al.,<br><br>*Defendants*. | Civil Action No. 26-5081<br><br>**OPINION**<br><br>October 27, 2026 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court on Defendant Alstom Transportation, Inc.'s ("Alstom" or "Defendant") Motion to Dismiss Plaintiff Sonia Vera's Amended Complaint, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF 1-8, "Compl."; ECF 3, "Motion" or "Mot.") Plaintiff opposed the Motion. (ECF 9, "Opp.") Defendant filed a reply. (ECF 10, "Reply.") The Court has decided this Motion upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's Complaint is **DISMISSED** without prejudice.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

Plaintiff Sonia Vera alleges she sustained injuries as a passenger on the AirTrain system at Newark Liberty International Airport on December 11, 2023. (Compl. 2-3.) She specifically alleges that the AirTrain began moving without warning as she was in the process of sitting down, which caused her to lose her balance and fall. (*Id.*) Defendant Alstom is a corporation that engages in the operation, maintenance, management, and control of the AirTrain system at Newark Liberty International Airport. (*Id.* at 1.) ERMC Aviation, LLC ("ERMC"), a separate defendant in this action, is a corporation that similarly performs operational, maintenance, inspection, and repair services, safety oversight, and other functions related to the AirTrain system. (*Id.* at 1-3.)

Plaintiff first initiated this action against ERMC and the Port Authority of New York and New Jersey ("Port Authority") in the Superior Court of New Jersey, Law Division, Essex County, on December 4, 2025. (ECF 1-3.) The Port Authority filed a motion to dismiss on March 17, 2026, and the Superior Court granted the motion on April 23, 2026. (ECF 1-4; ECF 1-6.) Plaintiff then filed an Amended Complaint, adding Alstom as a defendant on April 24, 2026. (Compl.) In her Amended Complaint, Plaintiff asserts claims of negligence and premises liability, and violations of N.J.S.A. 39:4-97, New Jersey's careless driving statute. (*Id.* at 2-6.) Defendant then removed this matter from the Superior Court to this Court on May 6, 2026. (ECF 1.) Defendant

[1] The facts and procedural history are drawn from the Amended Complaint (Compl.) and documents integral to or relied upon by the Amended Complaint, including Plaintiff's brief in opposition to Defendant's Motion (Opp.) and Defendant's brief in reply (Reply). *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). For the purposes of a motion to dismiss, the facts drawn from the Amended Complaint are accepted as true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Further, "public documents and prior judicial proceedings may be considered in deciding a motion to dismiss." *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 292 (D.N.J. 2009).

filed the present Motion to Dismiss on May 27, 2026. (Mot.) Plaintiff filed an opposition on July 6, 2026. (Opp.) Defendant filed a reply on July 13, 2026. (Reply.)

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

Federal Rule of Civil Procedure Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorably to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss

the complaint for failure to state a claim. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

## III. ANALYSIS

### A. Plaintiff's Claims are Time-Barred

Defendant argues that Plaintiff fails to state a claim under Rule 12(b)(6) because she did not name Alstom as a defendant in this action before the two-year statute of limitations for personal injury matters, proscribed in N.J.S.A. 2A:14-2, expired. (Mot at 9-10.) Specifically, Defendant notes that, while Plaintiff's alleged injury occurred on December 11, 2023, she waited until March 31, 2026, to add Alstom to her case. (*Id.* at 10.) Defendant also argues that Plaintiff fails to establish the applicability of New Jersey's fictitious party rule, N.J. Ct. R. 4:26-4, because she knew of Alstom's identity before the two-year statute of limitations expired. (*Id.*) In response, Plaintiff argues that Defendant may not bring a statute of limitations defense because the alleged time-bar was not apparent on the face of her Complaint, and that, regardless, her claims against Defendant relate back to her initial complaint under Rule 15(c)(1)(A) and New Jersey's fictitious party rule. (Opp. at 6-10.) Plaintiff also argues that, "[i]n the alternative, equitable tolling, equitable estoppel, and the discovery rule present fact-intensive" inquiries that cannot be resolved on a motion to dismiss. (*Id.* at 13-14.)

#### 1. N.J.S.A. 2A:14-2's Two-Year Statute of Limitations

Plaintiff asserts she experienced personal injury from a fall that was the alleged result of Defendant's negligence in operating and maintaining the AirTrain system. (Compl. at 2-6.) In New Jersey, such negligence claims are governed by New Jersey's personal injury statute, N.J.S.A. 2A:14-2, which has a two-year statute of limitations. *See 21st Mortg. Corp. v. Chicago Title Ins. Co.*, No. 17-3456, 2018 WL 6716081, at *6 (D.N.J. Dec. 21, 2018); N.J.S.A. 2A:14-2(a) ("every

action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years after the cause of any such action shall have accrued"); *see also Yarchak v. Trek Bicycle Corp.*, 208 F. Supp. 2d 470, 478 (D.N.J. 2002) ("New Jersey's statute of limitations governing personal injury claims, including claims sounding in negligence … is found at N.J.S.A. 2A:14-2[.]"); *Son v. Lynch*, No. 24-1051, 2025 WL 850921, at *3 (D.N.J. Mar. 17, 2025) ("N.J.S.A. 2A:14-2 provides that an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the action."), *aff'd*, No. 25-1744, 2026 WL 509578 (3d Cir. Feb 24, 2026).

In general, courts may dismiss complaints for failing to state a claim when the actions are not brought within the applicable statute of limitations. *See Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) ("Under the law of this and other circuits, however, the [statute of] limitations defense may be raised on a motion under Rule 12(b)(6) … if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975))). In fact, courts in this District frequently dismiss personal injury claims when plaintiffs fail to bring them within the two-year statute of limitations proscribed by N.J.S.A. 2A:14-2. *See, e.g.*, *Campanello v. Port Auth. of New York & New Jersey*, 590 F. Supp. 2d 694, 699-700 (D.N.J. 2008) (dismissing a plaintiff's negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress claims as time-barred under N.J.S.A. 2A:14-2); *21st Mortg. Corp.*, 2018 WL 6716081, at *6-7 (dismissing a plaintiff's negligence claim as time-barred under N.J.S.A. 2A:14-2); *Wilkins v. ING Bank FSB*, No. 10-5334, 2011 WL 3913120, at *2 (D.N.J. Sept. 1, 2011) (same). The Third Circuit has held that defendants may only raise a statute of limitations defense in a Rule 12(b)(6) motion "when the statute of limitations defense is apparent

on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)).

Here, Plaintiff allegedly experienced an injury on December 11, 2023. (Compl. at 2.) Plaintiff filed her initial complaint in state court within the two-year statute of limitations on December 4, 2025. (ECF 1-3.) Plaintiff's cause of action accrued, and the statute of limitations started to run, when she knew of the injury upon which her action is based. *See Son*, 2025 WL 850921, at *3 ("[A] cause of action accrues, and the statute of limitations begins to run when the plaintiff knew or should have known of the injury upon which its action is based.") (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009))). Plaintiff was aware of her injury when she filed her initial complaint. *See id.*; (*see* Compl. at 3; ECF 1-3.) However, Plaintiff only added Alstom as a defendant in this matter when she filed her Amended Complaint on April 24, 2026, well after the two-year statute of limitations period expired. (Compl.) The statute of limitations is therefore apparent on the face of Plaintiff's Amended Complaint, so the Court will consider the statute of limitations defense in resolving Defendant's Motion. *See Giovanelli v. D. Simmons Gen. Contracting*, No. 09-1082, 2010 WL 988544, at *1 n.2 (D.N.J. Mar. 15, 2010).

**2. The Fictitious Party and Relation Back Rules Do Not Apply**

Plaintiff argues that Rule 15(c)(1)(A)'s relation back rule and New Jersey's fictitious party rule permit her to file her Amended Complaint beyond the two-year statute of limitations period. (Opp. at 7-11.) Under Rule 15(c)(1)(A), "[a]n amended pleading may relate back to the filing date of an original pleading … if the applicable statute of limitations provides for such 'relation back.'" *Carroll v. Setcon Indus., Inc.*, No. 10-4737, 2012 WL 3229159, at *4 (D.N.J. Aug. 6, 2012) (citing Fed. R. Civ. P. 15(c)(1)(A)). Courts may apply the law of the state that establishes the statute of limitations period in assessing whether relation back is appropriate. *See DeRienzo v. Harvard*

*Indus., Inc.*, 357 F.3d 348, 353 (3d Cir. 2004). As relevant here, "New Jersey's fictitious party rule permits relation back, if at the time the complaint was filed, 'the defendant's true name is unknown.'" *Nehmad v. BJ's Wholesale Club Inc.*, No. 18-12321, 2019 WL 2710511, at *3 (D.N.J. June 28, 2019) (citing N.J. Ct. R. 4:26-4); *see also Kretz v. Hernandez*, No. 12-3152, 2016 WL 6471444, at *4 (D.N.J. Oct. 31, 2016) ("The fictitious party rule does not apply if claimants knew or should have known the identities of the fictitious parties before the statute of limitations expired and failed to amend accordingly."); *Bates v. City of Elizabeth, NJ*, No. 20-20129, 2022 WL 2289558, at *3 (D.N.J. June 24, 2022) ("For a plaintiff to avail himself of the fictitious party rule, the defendant's true name must have been unknown to the plaintiff at the time he filed his original pleading.").[2]

Defendant argues that Plaintiff knew of its identity before filing her initial complaint. (Mot. at 10.) Specifically, Defendant points to the fact that Plaintiff filed Notices of Tort Claim on multiple entities, and in return, Plaintiff's counsel received a letter from Gallagher Bassett Services ("Gallagher") on behalf of Defendant Alstom on October 7, 2024. (*Id.* at 4, 11; ECF 1-9 at 122.) As Plaintiff herself admits, the letter noted that Gallagher's client was "Alstom Transportation" and acknowledged Plaintiff's representation by counsel in this matter. (ECF 1-9 at 122; Mot. at 4; Opp. at 3.) In response, Plaintiff contends she did not know Alstom was

---

[2] Plaintiffs may invoke the fictious party rule "if the: (1) defendant's true name was unknown to the plaintiff when the action was initiated; (2) complaint designates a fictious party and appropriately describes the defendant; and (3) plaintiff, on motion, amends the complaint after ascertaining the defendant's true name." *Carroll*, 2012 WL 3229159, at *4. Courts may apply the fictitious party rule if the fictitious name designation has "an appropriate description sufficient to identify" the defendant, if the plaintiff "exercised due diligence to ascertain the defendant's true name before and after filing the complaint," and if application of the rule does not prejudice the defendant. *See id*; *see also Heath v. Jones*, No. 20-2049, 2022 WL 5242295, at *5 (D.N.J. Oct. 5, 2022). The threshold questions here are whether Defendant's name was unknown to Plaintiff and, if not, whether Plaintiff exercised due diligence in ascertaining Defendant's true name before filing her initial complaint.

connected to her accident when she filed her initial complaint, and that she exercised due diligence in attempting to ascertain Alstom's identity before filing her initial complaint. (Opp. at 7-11.) The Court concludes Plaintiff knew of Alstom's identity before filing her initial complaint. While the October 7, 2024, letter did not identify Alstom as having operated or managed the AirTrain system, it indicated that Alstom was a relevant party in Plaintiff's action. *See Estate of Gandy v. City of Millville*, No. 20-641, 2022 WL 6966930, at *3 (D.N.J. Oct. 11, 2022) (concluding that the fictitious party rule did not apply where the plaintiffs knew the defendants' names, as the names were "clearly and legibly listed" in medical records, giving the plaintiffs "ample opportunity to investigate the extent of their participation" in the contested care). As such, Plaintiff's Amended Complaint cannot relate back under the fictitious party rule. *See Bates*, 2022 WL 2289558, at *4; *Kretz*, 2016 WL 6471444, at *4.

Regardless of whether Plaintiff knew of Defendant's identity before filing her initial complaint, the relation back and fictitious party rules do not apply because Plaintiff did not exercise due diligence in ascertaining Defendant's name. "The fictitious party rule may be used only if the plaintiff exercised due diligence to ascertain the defendant's true name before and after filing the complaint." *DeRienzo*, 357 F.3d at 353 (internal citations omitted). In other words, "N.J.R. 4:26-4 is not available if a plaintiff should have known, by exercise of due diligence, [the] defendant's identity prior to the expiration of the statute of limitations." *Id.* (internal citations omitted). "The diligence requirement is a 'good faith' effort by a plaintiff to determine the fictitious party's identity, to be determined on a case-by-case basis." *Heath*, 2022 WL 5242295, at *5 (quoting *Prystowsky v. TGC Stores, Inc.*, No. 07-72, 2011 WL 3516174, at *4 (D.N.J. Aug. 2011)). Courts consider factors such as a plaintiff's efforts in "obtaining publicly available information, conducting depositions of relevant parties, and interviewing witnesses." *Id.* at *6.

Here, Plaintiff articulates no facts describing her efforts to ascertain Defendant's identity or involvement in her case. While Plaintiff acknowledges that she received a letter from Gallagher listing Alstom as its client, (Opp. at 3), at no point in her continued communication with Gallagher did Plaintiff inquire about Alstom's involvement in her injuries or identity as a party in the case. (ECF 1-9 at 122-44.) In fact, the record shows that Plaintiff's counsel did not reply to Gallagher's October 7, 2024 letter, despite receiving multiple follow-ups, until March 20, 2025. (*Id.* at 125-29; Mot. at 5.) Other than filing a Notice of a Claim, the facts indicate Plaintiff did not exercise due diligence. *See Bates*, 2022 WL 2289558, at *4 n.4 (finding that a plaintiff did not exercise due diligence where it did not disclose efforts to identify the relevant defendant during the statute of limitations period); *Monaco v. City of Camden*, No. 04-2406, 2008 WL 408423, at *6-7 (D.N.J. Feb. 13, 2008) (finding that a plaintiff did not exercise due diligence where he relied solely on a discovery request to identify the defendant, and made no efforts to examine evidence, speak with witnesses, or review public records). This is yet another reason why Plaintiff's Amended Complaint does not relate back under New Jersey's fictitious party rule.

**3. Equitable Tolling, Equitable Estoppel, and the Discovery Rule Do Not Apply**

Plaintiff alternatively argues that Defendant's Motion to Dismiss should be denied because "equitable tolling, equitable estoppel, and discovery-rule principles present fact-intensive issues." (Opp. at 14.) Defendant argues that the doctrine of equitable tolling does not apply because "Plaintiff cannot show that 'extraordinary circumstances prevented' her from 'taking timely action'"; that the doctrine of equitable estoppel does not apply because nothing indicates that any defendant in the case misled Plaintiff; and that the discovery rule does not apply because Plaintiff knew she was injured and that the owner or maintainer of the AirTrain system was potentially responsible for her injuries as early as December 11, 2023. (Reply at 15.) The Court agrees with

Defendant and concludes that none of equitable tolling, equitable estoppel, or the discovery rule apply.

As a threshold matter, New Jersey's tolling principles apply to the statute of limitations proscribed in N.J.S.A. 2A:14-2. *See Smith v. Twp. of Warren*, No. 14-7178, 2016 WL 7409952, at *15 (D.N.J. Dec. 22, 2016) ("[S]tate tolling principals apply to state statutes of limitation[.]"); *Rondon v. Passaic Cnty. Jail*, No. 07-3511, 2009 WL 3233497, at *3 (D.N.J. Oct. 5, 2009) ("Federal courts apply the forum state's law regarding tolling of the statute of limitations, including equitable tolling when not inconsistent with federal law."), *aff'd sub nom.*, *Rondon v. Passaic Cty Jail*, 374 F. App'x 238 (3d Cir. 2010). New Jersey law recognizes the three tolling doctrines raised by Plaintiff: equitable tolling, equitable estoppel, and the discovery rule. *See Raines v. Lappin*, No. 11-5681, 2013 WL 3283930, at *4 (D.N.J. Jun. 26, 2013)

First, the Court concludes that equitable tolling does not apply. "[E]quitable tolling is an extreme remedy that [is] extend[ed] 'only sparingly[.]'" *D.J.S.-W. by Stewart v. United States*, 962 F.3d 745, 752 (3d Cir. 2020) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). "To receive the benefit of equitable tolling, the claimant must show that extraordinary circumstances prevented him from taking timely action." *Stroman v. United States*, No. 22-2241, 2023 WL 6172885, at *2 (3d Cir. Sept. 22, 2023). For example, the claimant may demonstrate that "(1) the defendant has actively misled him respecting his cause of action; (2) he, in some extraordinary way, has been prevented from asserting his rights; or (3) he has timely asserted his rights mistakenly in the wrong forum." *Id.* Plaintiff makes no allegation that Defendant actively misled her or that she mistakenly asserted her rights in the wrong forum. (*See generally* Opp.) In her Opposition, Plaintiff appears to argue that she was prevented from asserting her rights due to a lack of discovery, and incomplete, delayed, and inconsistent information. (*Id.* at 14.) However,

Plaintiff fails to establish that these factors amounted to an extraordinary circumstance that prevented her from asserting her rights and from initiating her action against Defendant within the two-year limitations period. (*See* Compl.; Opp); *see Manning v. St. Paul*, No. 20-14240, 2022 WL 20727774, at *2 (D.N.J. Nov. 17, 2022); *Junior v. Elmer*, No. 16-8559, 2022 WL 17082497, at *6 (D.N.J. Nov. 18, 2022), *aff'd sub nom.*, *Gofan v. Pereksta*, No. 22-3313, 2023 WL 6820659 (3d Cir. Oct. 17, 2023). Plaintiff thus fails to show a basis for equitable tolling.

Second, the Court concludes that equitable estoppel does not apply. Under the doctrine of equitable estoppel, "a defendant may be estopped from asserting a statute of limitations defense if it engages in conduct that is 'calculated to mislead the plaintiff into believing that it is unnecessary to seek civil redress.'" *Raines*, 2013 WL 3283930, at *4 (quoting *W.V. Pangborne & Co., Inc. v. N.J. Dept. of Transp.,* 562 A.2d 222, 227 (N.J. 1989)). Plaintiff bears the burden of showing that Defendant "actively misled" her, and that Defendant's "deception *caused* [her] non-compliance with the limitations period." *Id.* (quoting *Scott v. IBM Corp.*, 196 F.R.D. 233, 253 (D.N.J. 2000)) (emphasis in the original). Here, Plaintiff merely claims that a "chain of incomplete, delayed, and inconsistent information" caused her delay in filing suit against Defendant. (Opp. at 14.) The Court concludes that this behavior, "standing alone, does not amount to conduct which was 'calculated to mislead'" Plaintiff into allowing the statutory period to lapse. *See Raines*, 2013 WL 3283930, at *4. Plaintiff alleges no facts indicating an intent by Defendant to lead her astray. *See id.* at *4. Plaintiff also presents no evidence that Defendant or any other party made representations to her on which she relied when she failed to bring suit against Alstom within the limitations period. *See Falzo v. Cnty. of Essex*, No. 03-1922, 2008 WL 2064811, at *11 (D.N.J. May 14, 2008). The Court cannot apply the doctrine of equitable estoppel at this time.

Finally, the Court concludes that the discovery rule does not apply. "Under the 'discovery rule,' the statute of limitations does not begin to run until the injured party becomes aware, or should become aware, of the existence of his or her injury, or that the injury is due to the fault of a previously unidentifiable individual or entity." *Tripo v. Robert Wood Johnson Med. Ctr.*, 845 F. Supp. 2d 621, 628 (D.N.J. 2012); *see also Raines*, 2013 WL 3283930, at *4 ("The discovery rule will delay the accrual of a cause of action 'so long as a party reasonably is unaware that he has been injured, or that the injury is due to the fault or neglect of an identifiable individual or entity.'") (quoting *Kendall v. Hoffman–La Roche, Inc.*, 36 A.3d 541, 551 (N.J. 2012))). In other words, the rule "operates to toll the statute of limitations during the period the plaintiff's injury or its cause was neither known nor reasonably knowable to the plaintiff." *Fuqua v. Bristol-Myers Squibb Co.*, 926 F. Supp. 2d 538, 547 n.6 (D.N.J. 2013). Plaintiff appears to argue that the discovery rule should apply because it was not reasonably knowable to her that Alstom may have been responsible for her injury. (*See* Opp. at 14.) However, "the discovery rule will not toll the date of accrual simply because a claimant does not know the actual identity of the tortfeasor." *Kingsbury v. Camden Cnty. Sheriff's Dep't.*, No. 13-7912, 2014 WL 4353806, at *4 (D.N.J. Sept. 3, 2014) (quoting *Tripo*, 845 F. Supp. 2d at 630, n.4). Instead, the rule "applies only where the injured party has no reason to know of the existence of a claim." *Id.* (quoting *Tripo*, 845 F. Supp. 2d at 628). And here, Plaintiff does not argue, and nothing in the facts alleged suggests, that she did not know she had been injured nor that the owner or maintainer of the AirTrain system was potentially responsible for her injuries. Therefore, the discovery rule does not apply. *See McDade v. Siazon*, 32 A.3d 1122, 1131 (N.J. 2011) (concluding the discovery rule did not apply where a plaintiff tripped over a pipe protruding from a sidewalk because the plaintiff was aware that he "had been injured by the pipe, and that the owner of the pipe was potentially liable for that injury.").

In short, the Court concludes Plaintiff's claims against Defendant are time-barred under N.J. 2A:14A-2.

## IV. CONCLUSION

Defendant asks this Court to dismiss Plaintiff's Amended Complaint with prejudice. (Mot. at 8.) Plaintiff requests leave to amend under Rule 15(a)(2). (Opp. at 15.) In the interest of justice, the Court will grant Plaintiff leave to file a second amended complaint in accordance with this Opinion, and in particular, which pleads additional facts in support of her equitable tolling, equitable estoppel, and discovery rule arguments. *See Fuqua*, 926 F. Supp. 2d at 550; *Lloyd v. Ocean Twp. Council*, No. 19-600, 2019 WL 4143325, at *7 n.12 (D.N.J. Aug. 31, 2019), *aff'd sub nom.*, *Lloyd v. Ocean Twp. Couns.*, No. 20-3320, 2021 WL 1608553 (3d Cir. Apr. 26, 2021).

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's Amended Complaint is **DISMISSED** without prejudice as to Defendant Alstom. Plaintiff shall have thirty (30) days to file an amended complaint in accordance with this Opinion. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: Andre M. Espinosa, U.S.M.J.
Parties